HAROLD ROSENTHAL, SBN 68380
Attorney at Law
803 Hearst Avenue
Berkeley, CA  94710
Tele: (510) 981-1800
Fax: (510) 981-1821

Attorney for Defendant

THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>HAROLD HARRISON,<br><br>　　　　　Defendant | Case No.  CR 06-00712 JSW<br><br>STIPULATION AND [PROPOSED] ORDER |

　　　　It is hereby stipulated by and between the parties that good cause exists to continue the dates applicable to the filing of defendant's pretrial motions.  The parties believe that good cause exists for the following reasons:

　　　　Since January 8, 2007, the date previously set for the defendant to file pre-trial motions, counsel for the defendant has had the following obligations which he has had to fulfill and which he did not anticipate:

　　　　The most significant of these concern a matter pending in the San Joaquin County Superior in which the defendant is charged with embezzling several hundred thousand dollars.  That matter is entitled *People v. Jan Ann Pestana.*  The defendant was originally

charged with forty-one counts of embezzlement. It was anticipated that the case would settle. However, rather than settle, the People added an additional twenty-one counts of embezzlement, and the matter has remained set for a three week trial in Stockton on Monday, February 5, 2007. Thus, counsel has been heavily involved in trial preparation, and this has made it difficult for him to complete his pretrial motions in the instant case this week. It was anticipated that he would be able to do so, but the *Pestana* matter has turned out to be more complicated than expected.

Additionally, counsel began a preliminary hearing in the Marin County Superior Court in a felony drug and child endangerment prosecution entitled *People v. Zech* on January 5, 2007. It was anticipated that the matter would be completed in no more than one day. However, the *Zech* matter was not completed in one day, and consumed another two full court days, in part because of the illness of a witness. The matter did not conclude until this week, when it consumed a day of counsel's time.

Additionally, while not unanticipated, counsel during January has had a great number of commitments which he has fulfilled in the following matter. He has filed a complex suppression motion in a matter pending in this district before Judge Armstrong entitled *United States v. Pourmohamad*, an internet gambling case which raises novel issues of law regarding the legality of gambling enterprises operating outside of the United States. He has engaged in settlement negotiations in a mail fraud, money laundering, and tax evasion investigation in which the subjects of the investigation, Uri Zemach and Moshe Sela, are presently in Israel. He has also engaged in settlement negotiations in another matter pending in this district before Judge Illston entitled *United*

*States v. Huerta*, in which the defendant faces a twenty year mandatory minimum sentence and is in custody, thus requiring extremely time consuming visits to the facility in which he is incarcerated.  Additionally, a matter in which a long time, prominent East Bay teacher at a private school who additionally is the leader of a children's choir, who had been arrested for molesting a student several months ago, but in which charges were not filed, was only this week charged with a violation California Penal Code § 288a in the Contra Costa Superior Court.  (Counsel is prepared to disclose the name of this individual to the Court and the United States, but prefers not to do so in this publicly available pleading in light of the nature of the prosecution and the privacy interests of both the alleged victim and the defendant.)

Additionally, the defendant in this matter, Harold Harrison, will be released Monday from the half-way house in which he has resided since several days after his arrest.  He will return to Humboldt County where he will be available to accompany his counsel to the locations of the search and the alleged cultivation of marijuana in this matter, both of which are necessary for counsel to provide the best representation of this defendant in pretrial motions and trial.

There has been one prior extension of the dates set for pretrial motions in this matter, and counsel had hoped that this matter could retain the present hearing date as he completed his pleadings this week, and was prepared to forfeit time from the reply pleadings.  That has proved impossible.

Accordingly, the parties stipulate that the dates previously set in this matter be vacated and the following schedule be instituted in this matter.

STIPULATION AND [PROPOSED] ORDER                3

Defendant's Motions Due: February 27, 2007

Government's Response Due: March 13, 2007

Defendant's Reply Due: March 20, 2007

Hearing on Motions: March 29, 2007 at 2:30 p.m.[1]

Additionally, counsel had previously stipulated and the Court had ordered that all time through the date presently set for the hearing on defendant's motion, March 1, 2007, as well as any additional time which might be required for the Court to take the motion under submission and render a decision, is excludable under the Speedy Trial Act, and specifically under 18 USC § 3161(h)(8)(A), insofar as the ends of justice outweigh the best interest of the public and the defendant in a speedy trial, because such time is reasonably necessary for effective preparation of defense counsel, taking into account the exercise of due diligence, as set forth in 18 USC § 3161(h)(8)(B)(iv); and as delay resulting from a pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion, as set forth in 18 USC § 3161(h)(8)(F). With the new hearing date set on either March 29, 2007 or a date thereafter convenient to the Court, counsel for both parties hereby enter into the identical stipulation, that time be excluded from the Speedy Trial Act calculation through March 29, 2007, or any date thereafter upon which the Court resolves the defendant's pretrial motions, pursuant to 18 U.S.C. § 3151(h)(8)(B)(iv), for the effective preparation of

---

[1] Or on any date which is convenient to the Court...

STIPULATION AND [PROPOSED] ORDER      4

defense counsel, and 18 U.S.C. § 3161(h)(8)(F), for the Court's consideration of the defendant's motions.

It is so stipulated.

Dated: January 31, 2007

_____/S/_____
KIRSTIN M. AULT, AUSA

Attorney for Plaintiff United States of America

It is so stipulated.

Dated: January 31, 2007

_____/S/_____
HAROLD ROSENTHAL

Attorney for Defendant Harold Harrison

It is so ORDERED, and the Court makes the findings set forth in the above stipulation.

Dated: February 1, 2007

_____
THE HONORABLE JEFFREY S. WHITE
Judge of the United States District Court for the Northern District of California