IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HAROLD HARRISON,

    Defendant.
    _____/

No. CR 06-712-1 JSW

**COURT'S INTENDED VOIR DIRE**

1. The Court will read a brief statement of the case.
2. Counsel for the Government to introduce herself and counsel associated in the trial, the case agent if any, as well as all the witnesses who will testify on the Government's presentation of its case in chief. Jurors will be asked if they:
   a) know any of these persons (including Scott Schools, U.S. Attorney for the Northern District of California);
   b) had any business dealing with them or were represented by them or members of the U.S. Attorney's Office;
   c) had any other similar relationship or business connection with any of them.
   d) know anyone in or had any dealings with the Humboldt County Sheriff's Office, the Drug Enforcement Administration, the Federal Bureau of Investigation, or any other law enforcement agency;
   e) Is there anything about your answer to any of these questions that would affect your ability to be a fair and impartial juror in this case?

3. Counsel for Defendant to introduce himself, the Defendant, defense investigator sitting at counsel table, if any, as well as any witnesses that Defendant may choose to call. Jurors will be asked if they:

   a) know any of these persons, including the Defendant;
   b) had any business dealing with them or were represented by them or members of their office;
   c) had any other similar relationship or business connection with any of them;
   d) Is there anything about your answer to any of these questions that would affect your ability to be a fair and impartial juror in this case?

4. I will introduce myself and ask the jurors whether any of them know me or any member of my staff, Daisy Salzman, Melissa Goldberg, Kristin Ring, or Jennifer Ottolini.

5. Have you heard or read anything about the case?

6. Have you ever served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?

   a) Was it a civil or criminal case?
   b) When did you serve?
   c) Did the jury reach a verdict?
   d) Is there anything about your prior jury service that would affect your ability to be a fair and impartial juror in this case?

7. Have you, any member of your immediate family, or any close friend ever applied for a job with or been employed by a law enforcement agency? Is there anything about that answer that would affect your ability to be a fair and impartial juror in this case?

8. Have you, any member of your immediate family, or any close friend ever applied for a job with or been employed by within the legal system, including any type of attorney's office, the court system, or by probation, parole or other correctional authorities? Is there anything about that answer that would affect your ability to be a fair and impartial juror in this case?

9. Have you or any member of your immediate family ever held a positions where you or they were required to perform a police function? If so, is there anything about that experience that would affect your ability to be a fair and impartial juror in this case?

10. Have you ever been involved in a criminal matter, either an arrest or in court, that concerned yourself, any member of your immediate family, or a close friend either as a defendant, a witness, or a victim? Is there anything about that experience that would prevent you from being a fair and impartial juror in this case?

11. Have you ever made any claim against the Federal Government or has the Federal Government ever made a claim against you? Is there anything about that experience that would prevent you from being a fair and impartial juror in this case?

12. Is there anything about the fact that this is a criminal case that would affect your ability to be a fair and impartial juror in this case?

13. On the questionnaire you completed, you were asked if you were active in any organizations. Do any you belong to any organizations concerned with criminal law, the criminal justice system, or drugs or alcohol? Is there anything about your involvement with such an organization that would affect your ability to be a fair and impartial juror in this case?

14. Do you, or does any member of your family, have a personal feeling of distrust, animosity, or suspicion toward the federal or state government, or the DEA, FBI, or any state or local law enforcement agencies, including the Humboldt County Sheriff's Office, or the Department of Justice or its employees, such that either you would be less likely to believe the testimony of representatives of these agencies over a person not employed by them or that for some other reason it would affect your ability to be a fair and impartial juror in this case?

15. The Defendant is charged with violations of federal drug laws. Is there anything about the nature of those offenses that would affect your ability to be a fair and impartial juror in this case?

16. Do you or any member of your family hold strong personal or philosophical feelings about the drug laws of the United States such that those feelings would affect your ability to be a fair and impartial juror in this case?

17. Do you or any member of your family believe that the drug laws of the United States are unconstitutional? Is there anything about your answer that would affect your ability to be a fair and impartial juror in this case?

18. The Defendant is presumed to be innocent unless and until he is proven guilty beyond a reasonable doubt. Is there anyone who would have trouble giving him the benefit of this presumption of innocence without any mental reservations whatsoever?

19. Is there anyone here who holds beliefs which would cause them to refuse to vote to convict a defendant regardless of whether they felt the evidence proved a defendant beyond a reasonable doubt.

20. If the evidence presented convinced you beyond a reasonable doubt that the Defendant committed one or more of the offenses as charged in the indictment, is there any reason that you might hesitate to return a verdict or verdicts of guilty?

21. Will you be able to perform your duty as juror without regard to the possible punishment of the Defendant?

22. Do you understand that both the Government and the Defendant have the right to a fair trial?

23. If you were the attorney for the Government or the Defendant, would you want somebody with your frame of mind or with your attitudes sitting as a juror in this case? Is there any reason you can think of that would prevent you from being a fair and impartial juror to both sides in this case?

24. Do you have any moral, religious, philosophical or constitutional beliefs that would make you reluctant to serve on a criminal jury? Would any of those beliefs make it difficult or impossible for you to judge your fellow citizens?

25. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my

       instructions, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict?

26. Having heard the questions put to you by the Court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the Court's instructions to you on the law?

27. Is there anything else that you would like to bring to the Court's attention (e.g., health problems, hearing problems, difficulty understanding English, personal bias, financial problems, etc.) that might affect your ability to be an effective, fair and impartial juror?

Dated: May 23, 2007

                                                  JEFFREY S. WHITE
                                                UNITED STATES DISTRICT JUDGE