IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HAROLD HARRISON,<br><br>    Defendant.<br>_____/ | No. CR 06-00712-1 JSW<br><br>**ORDER DENYING MOTION TO CONTINUE TRIAL AND GRANTING IN PART MOTION TO EXCLUDE** |

This matter comes before the Court upon consideration of Defendant's motion to continue trial or, in the alternative, to exclude FRE 404(b) Evidence, and the Government's opposition thereto.[1] Having considered the parties' pleadings, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. For the reasons set forth in this Order, the Court DENIES the request to continue the trial and GRANTS IN PART the motion to exclude evidence.

**DISCUSSION**

Federal Rule of Evidence 404(b) provides, in pertinent part, that "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

The Government argues that, because it provided notice to Defendant in December 2006 that it might introduce evidence under this Rule and because it has provided further notice to

---

[1] Defendant's motion refers to an under seal declaration, which the Court has not yet received. In light of the Court's ruling, however, the Court did not need to consider the investigation Defendant would need to do to meet the Government's proposed evidence.

1  Defendant within the last few weeks, it has provided notice "reasonably in advance of trial."
2  (*See* Declaration of Kirstin M. Ault ("Ault Decl."), Exs. A-E.)

3  The Government's December 1, 2006 letter states only that "it *may* seek to introduce the
4  other crimes, wrongs, or acts committed by the defendant which are referenced in the enclosed
5  discovery, either as inextricably intertwined conduct or pursuant to Rule 404(b) of the Federal
6  Rules of Evidence. Such other crimes or wrongs will be outlined in the United States pre-trial
7  submissions." (Declaration of Kirstin M. Ault, Ex. A (emphasis added).)

8  Pursuant to this Court's Guidelines for Motions, Final Pretrial Conference, and Trial in
9  Criminal Cases, the parties' pretrial filings were due to the Court on May 15, 2007, and any
10 motions in limine were due to be served on the opposing side thirty days in advance of the
11 pretrial, or on or about April 30, 2007. Clearly, any evidence that might have been covered by
12 Rule 404(b) would have been a prime subject of a motion in limine, as is evidenced by the
13 current motion practice.

14 However, the parties' joint pretrial memorandum did not refer to any potential Rule
15 404(b) evidence. Further, the Defendant did not file any motions in limine. Finally, the only
16 evidence on the Government's exhibit list that appears to be covered by the instant motion is a
17 reference to two digital scales. (*See* Docket No. 40, Items 4-5.)

18 Rather, on May 25, 2007, the Friday before the pretrial conference, the Government sent
19 a letter to the Defendant in which it stated that "[i]n an abundance of caution, I am providing
20 you with notice that the United States *may* seek to introduce the following evidence that *may*
21 constitute evidence of 'other acts' as defined by Federal Rule of Evidence 404(b)." (Ault Decl.,
22 Ex. B.) In that letter, the Government set forth ten specific items of evidence that it intended to
23 introduce, eight of which do not appear to have been listed on the initial exhibit list.[2] (*Id.*) The
24 Government then sent several additional letters following the pretrial conference, in which it
25 stated that it was providing notice of other potential Rule 404(b) evidence, "to the extent notice
26 is necessary" under that Rule. (Ault Decl., Exs. C-E.)

---

[2] The Government stated that it reserved the right to amend the exhibit list on further review of the evidence.

2

In light of the Court's pretrial requirements, it cannot conclude that the Government's decision to provide the Defendant with notice of evidence that could possibly fall under the guise of Rule 404(b) shortly before and after the pretrial conference can be considered "reasonably in advance of trial." Moreover, it is not clear to this Court why the Government could not have provided Defendant with notice of its intent to use this evidence at the time the pretrial submissions were being prepared.

Accordingly, Defendant's motion to exclude is GRANTED, with the exception of the two digital scales that were listed on the Government's initial exhibit list. This ruling is without prejudice to the Government seeking to introduce any of the evidence outlined in the Defendant's motion and the opposition thereto as impeachment evidence. This ruling is also without prejudice to the Court revisiting this *in limine* ruling in the event Defendant opens the door in any way to admission of the evidence.

Finally, in light of the Court's decision to exclude the evidence, Defendant's motion to continue the trial is DENIED. The parties shall appear for jury selection as scheduled on June 13, 2007 at 8:30 a.m.

**IT IS SO ORDERED.**

Dated: June 12, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3